RECEIVED
IN LAFAYETTE, LA.
JAN 0 5 2010
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **JOHN NOVAK** | **CIVIL ACTION NO. 09-1098** |
| **VS.** | **JUDGE DOHERTY** |
| **LAFAYETTE CITY PARISH CONSOLIDATED GOVERNMENT, JIM CRAFT, MICHAEL W. NEUSTROM, JARED HARTWELL, ALICIA BARBIER, JENNIFER PUTNAM, DEPUTY MASON, JOHN DOE,** *Officer,* **JAMES DOE,** *Deputy,* **UNKNOWN HEALTH CARE PROVIDERS, ABC INSURANCE CO., DEF INSURANCE CO., XYZ INSURANCE CO.** | **MAGISTRATE JUDGE HANNA** |

## ORDER

Before the court is plaintiffs' Rule 7(a) Reply, addressing the qualified immunity defenses asserted by defendants Jim Craft, Jared Hartwell, Michael Neustrom, Alicia Barbier, Jennifer Putnam, and Matthew Mason (rec. doc. 11).

The purpose of this order is to examine the factual specificity of plaintiff's allegations in accordance with the instructions set forth in Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995), so that if appropriate, discovery may be banned or limited pending

2

the filing by defendants of a motion to dismiss under Rule 12(b), or, alternatively, a motion for summary judgment.[1]

For the following reasons, the undersigned concludes that plaintiff has "supported his claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995). Thus, no order limiting discovery is necessary.[2]

### *Plaintiff's Allegations Against Craft and Neustrom*

Plaintiff's Rule 7a Reply clarifies that the only allegations against Craft, although named in his individual and official capacity, are against Craft in his official capacity. However, the allegations against Neustrom are in both his official and individual

---

[1] The Fifth Circuit in Schultea stated:

> The district court may ban discovery at this threshold pleading state and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.

[2] Under Schultea, the Rule 7(a) reply and review process becomes a "checkpoint" for the court to review the appropriateness of allowing the plaintiff to proceed with full discovery when the defense of qualified immunity has been asserted. In appropriate cases, the court may determine that discovery should be stayed or limited pending the filing and resolution of a Rule 12(b) motion to dismiss based upon qualified immunity. In any event, it is the defendant's ultimate obligation to request a stay of discovery where appropriate, and/or to file a timely motion to dismiss. *See* Estate of Sorrells v. City of Dallas, 192 F.R.D. 203 (N.D.Tex.2000) (discussing the historical efforts of courts to address the qualified immunity defense at an early state of litigation, and the procedural pitfalls involved).

3

capacity. The defense of qualified immunity is not available to Craft or Neustrom for acts sued upon in their official capacity. <u>Owens v. City of Independence, Mo.</u>, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed. 673 (1980).

The allegations against Neustrom in his individual capacity state Neustrom failed to properly supervise and train his deputies to recognize serious medical problems. The Fifth Circuit has stated as follows:

> Well settled Section 1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691-95, 98 S.Ct. 2018, 2036-38, 56 L.Ed.2d 611 (1978); <u>Thibodeaux v. Arceneaux</u>, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury. See <u>Thompkins v. Belt</u>, 828 F.2d 298, 303 (5th Cir.1987); see also <u>Grandstaff v. City of Borger</u>, 767 F.2d 161, 169-70 (5th Cir.1985), cert. denied, 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987).
> <u>Mouille v. City of Live Oak, Tex.</u>, 977 F.2d 924, 929 (5th Cir. 1992)

Plaintiff does not allege any affirmative participation by Neustrom, but rather that Neustrom implemented policies which caused the violation of plaintiff's constitutional rights by refusing Novak his prescribed Xanax, refusing medical treatment, or adequate treatment, or failing to train his staff. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Plaintiff specifically alleges Neustrom "failed to adequately supervise and/or train his deputies and staff to recognize serious medical problems, in particular, the

4

dangers associated with prescription drug withdrawal."[3] Therefore, the Court finds plaintiff has adequately alleged Neustrom implemented unconstitutional policies which resulted in plaintiff's injury.

### *Defendants Jared Hartwell, Alicia Barbier, Jennifer Putnam, and Matthew Mason*

Plaintiff has, with the exception of Matthew Mason, alleged sufficient facts against each of these defendants. Plaintiff explains he inadvertently failed to include a separate paragraph of detailed allegations against Mason, who was the intake depute who admitted Novak into the correctional center, and refused medical assistance to Novak, even though Novak advised Mason he was prescribed Xanax, and explained he would suffer seizures if it was denied. Plaintiff has advised he will supplement his complaint to add this specific allegation.

Plaintiff has included specific paragraphs of allegations against the other defendants, detailing their participation in the denial of medical assistance to Novak.[4]

Although the court may later determine the facts in favor of defendants, the sole issue presented here is whether plaintiff has satisfied the heightened pleading requirement of <u>Shultea</u>. The undersigned concludes that he has. Accordingly, the undersigned concludes that there is no need for an order banning or limiting discovery with regard to plaintiff's claims against defendants, and the case should proceed in accordance with the

---

[3]*Complaint* (rec. doc. 1), ¶ 32.

[4]*Complaint* (rec. doc. 1), ¶¶ 25, 27, and 28.

5

Scheduling Order.

Signed in Lafayette, Louisiana, this 5th day of January, 2010.

_____
MAGISTRATE JUDGE PATRICK J. HANNA

Case 6:09-cv-01098-PJH   Document 13   Filed 01/05/10   Page 5 of 5 PageID #: 141